UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SIDNEY BUTLER | CIVIL ACTION |
| VERSUS | NUMBER 11-34 |
| JANIS STRONSKI | SECTION "L" (2) |

### FINDINGS OF FACT & CONCLUSIONS OF LAW

**I.    PROCEDURAL HISTORY**

This case arises out of a car accident on April 22, 2010.  Plaintiff Sidney Butler alleges that on that date, he was driving his 2008 Ford Explorer east on St. Claude Avenue in New Orleans when he was rear-ended without warning by a 2009 Ford Expedition owned by Defendant Till Paint Company, Inc., and operated by Defendant Janis Stronski, an employee of Till.  Plaintiff filed suit in Civil District Court for Orleans Parish against Till, Stronski, and Hartford Casualty Insurance Company, Till's liability insurer.  Plaintiff alleges that Stronski negligently caused the accident, which resulted in Plaintiff's acute cervical and lumbosacral strain, occipital headaches, and assorted disc bulging and herniation.  Plaintiff filed suit seeking property damages, medical expenses, lost wages, pain and suffering, permanent residual disability, and emotional stress.  Defendants removed to this Court.

In advance of trial the parties waived their requests for a jury trial and submitted the matter "for a determination of causation and damages based upon the stipulations of the parties, submissions to the Court, and the entire record including the medical history and records of the plaintiff, Sidney Butler."  (Rec. Doc. 36).  The parties also submitted to the Court, via email on which all counsel were copied, a proposed judgment suggesting an amount of damages as well as documentary evidence relating to Plaintiff's medical treatment at Touro Infirmary for a femoral

aneurysm.  Those exhibits are appended to this Findings of Fact and Conclusions of Law.

The Court has carefully considered the record and the materials and stipulations submitted by the parties.  Pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, the Court hereby enters the following findings of fact and conclusions of law.

To the extent that any findings of fact may be construed as a conclusion of law, the Court hereby adopts them as such.  To the extent that any conclusions of law constitute a finding of fact, the Court adopts them as such.

**II.    FINDINGS OF FACT**

1. On April 19, 2010 Plaintiff Sidney Butler sought treatment for pain in his groin area. The report from Plaintiff's visit at Touro Infirmary indicated a femoral aneurysm.
2. On the morning of April 22, 2010, Plaintiff returned to Touro Infirmary regarding the same complaint of groin pain, at which time a diagnostic aortogram was scheduled for April 29, 2010.  Plaintiff left Touro Infirmary at 10:15 a.m.
3. Shortly thereafter, at approximately 11:26 a.m. on April 22, 2010, Plaintiff was proceeding east in his 2008 Ford Explorer on St. Claude Avenue in New Orleans, Louisiana.  Defendant Janis Stronski was also proceeding east, behind Plaintiff Butler, in a 2009 Ford Expedition Truck owned by Defendant Till Paint Company.  Defendant Stronski was employed by Till and at the time was within the course and scope of her employment.
4. Defendant Stronski struck Plaintiff Butler from the rear.
5. As stipulated to by the parties in the pretrial order adopted by the Court, the accident was the sole result of Defendants Stronski and Till Paint Company's negligence.  Plaintiff was not at fault in any way.

6. Plaintiff subsequently underwent surgical treatment for a femoral aneurysm.

7. Plaintiff's femoral aneurysm predated the April 22, 2010 automobile accident and there is no evidence that it was caused by or exacerbated by the automobile accident in any way.

8. At all times pertinent hereto, an insurance policy issued Defendant Hartford Insurance Company was in effect. That policy applies and covers the accident at issue.

## III. CONCLUSIONS OF LAW

1. Under Louisiana law, "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." La. Civ. Code art. 2315.

2. Having considered the stipulations of the party, the record, and the submitted proposed judgment, the Court finds that Defendants are jointly and severally liable to Plaintiff in the amount of $90,000.00.

3. This amount represents compensation only for the aggravation of Plaintiff's preexisting neck and back conditions and for treatment for that condition, and not for any future medical costs or for any treatment related to the femoral aneurysm.

## IV. SUMMARY

Based on the foregoing findings of fact and conclusions of law, the Court finds that Defendants are jointly and severally liable to Plaintiff Butler in the amount of $90,000.00, as set forth above. A separate Judgment will issue.

New Orleans, Louisiana, this 23rd day of February, 2012.

_____
**UNITED STATES DISTRICT JUDGE**